Mary Jane Fiester, Appellant, *v.* John Shepard, Executor, etc., Respondent.

Under the Code of Civil Procedure (§§ 2717, 2718) a surrogate has no jurisdiction to entertain proceedings instituted by one claiming a legacy, to compel an executor to pay the same, when the executor "files a written answer duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity." In such a case, the surrogate must dismiss the petition.

The objection, although not raised in the Surrogate's Court or at General Term, may be taken on appeal to this court.

(Argued March 27, 1883; decided April 17, 1883.)

Appeal from an order of the General Term of the Supreme Court, in the fourth judicial department, made December 30, 1881, which reversed an order of the surrogate of Livingston county, directing defendant, as the executor of the will of Ann Havens, deceased, to account, etc., and remitted the proceedings to said surrogate, with directions to enter an order dismissing the proceedings. (Reported below, 26 Hun, 183.)

The nature of the proceedings and the material facts are stated in the opinion.

*J. A. Van Derlip* for appellant. Extrinsic evidence is always competent to define or identify either the subject or the object of a testator's bounty. (1 Jarman on Wills [5th Am. ed.], 429; *Stubbs* v. *Sargon*, 2 Keen, 255; O'Hara's ed. of Wigram [2d Am. ed.], 128; see, also, Prop. V and VII of same author, 142 *et seq.*; *Petway* v. *Powell*, 1 Dev. & Bat.

Eq. 308; *Smith* v. *Smith,* 1 Edw. Ch. 188, 191; 4 Paige, 271; *Thomas* v. *Stevens,* 4 Johns. Ch. 607; *Burrell* v. *Boardman,* 43 N. Y. 254, 258; *Holmes* v. *Mead,* 52 id. 332, 343; *Leonard* v. *Davenport,* 58 How. Pr. 384, 387; 3 Myl. & Cr. 507.) It is no valid objection to carrying out the obvious intention of the testator, if it be not illegal or against good morals, that it is strange, or unnatural, or absurd. (1 Redfield on Wills [4th ed.], 434.)

*Solomon Hubbard* for respondent. Upon the filing of the sworn answer of the executor, the petition ought to have been dismissed by the surrogate. (*Bevan* v. *Cooper,* 72 N. Y. 318, 327; Code of Civ. Pro., §§ 2717, 2718, 2723, subd. 3; *Hurlburt* v. *Durant,* 88 N. Y. 122; Throop's note to § 2742, Code of Civ. Pro.; *Riggs* v. *Cragg,* 89 N. Y. 479–490, etc.)

RUGER, Ch. J. On the 1st day of November, 1880, the petitioner presented her petition to the surrogate, requesting a citation to be issued against John Shepard, as the executor of the will of Ann Havens, deceased, requiring him to render an account of his proceedings as such executor. The claim of the petitioner was based upon the allegation that she was the last person who took care of one Darling Havens, before his death, and thereby became the residuary devisee and legatee of all of the real and personal property of the testatrix. The citation was issued and served upon the executor, and upon the return day he appeared and filed an answer in writing to the petition, duly verified, wherein he denied that the petitioner was the last person who took care of Darling Havens before his death, or that by the provisions of the will she became the residuary devisee or legatee of all or any of the real and personal property of the testatrix.

Upon the issue thus formed a trial was had before the surrogate, and on the 18th day of April, 1881, he rendered his decision, holding that the petitioner was the last person who took care of Darling Havens before his death, and, therefore, became entitled as residuary devisee and legatee to the estate

·of the testatrix. The surrogate, thereupon, made his order requiring the executor to show cause why he should not pay the residue of the estate to the petitioner. From this order an appeal was taken by the executor to the General Term where the order of the surrogate was reversed upon the ground that the evidence given before him did not show the petitioner to be the person who was, under the terms of the will, entitled to the legacy in question. The petitioner, thereupon, appealed to this court.

The point is now made by the executor that the surrogate had no power to entertain this proceeding and adjudicate upon the question presented by the petition, that being the only question tried by him. We believe the point is well taken.

Although so far as the record shows this objection was neither raised in the Surrogate's Court nor at the General Term, yet as it lies at the foundation of the proceeding and concerns the jurisdiction of the surrogate over the subject-matter of the controversy, it is effectual and may be taken at any stage of the proceeding and must be considered and disposed of when raised.

The will of the testatrix which was put in evidence on the trial provided that after the payment of her debts and funeral expenses all of the real and personal property should be held in trust by her executor to receive the rents and profits thereof and apply the same to the benefit and support of her father, Darling Havens, during his life. The executor was authorized to convert the same, or so much thereof as might be necessary, into money, and apply the proceeds thereof to the benefit and support of the said Darling.

After the death of Darling Havens, the executor was directed to " use and dispose " of what was left as follows :

First, to pay her father's funeral expenses.

Second, to erect a suitable monument for him.

Third, to invest the sum of $200 to provide an income to take care of the graves of the father, mother, and testatrix.

Then after the devise of certain specific articles of personal property to relations and friends comes the clause of the will

upon which the claim of the petitioner is founded and which reads as follows: "The residue of my estate, if any there shall be, to be paid by my executor, to the person who shall last take care of my father before his death."

Whether the surrogate would have jurisdiction to try the question presented by this provision of the will in any form of proceeding may well be doubted, but it is quite certain that he has no such power upon the invitation of the claimant alone.

It might very well happen under this provision that no one would be entitled to claim the benefit of the devise, and in any event it presents a question which can only be determined by an inquiry into circumstances extrinsic the will itself, and apparently involves the interests of all who might in any event be entitled to a distributive share in the personal or to inherit the real property of the testator. Such a controversy could properly be determined only by a tribunal authorized to bring all of the parties interested before it, and having jurisdiction to try and decide the various questions involved in determining the meaning and effect of the clause in question, and the identity of the parties claiming under it.

It has, therefore, been frequently decided that Surrogates' Courts do not possess these powers and have no jurisdiction to hear and determine such questions. Such courts have been held to be courts of limited jurisdiction and entitled to exercise only such powers as are conferred by statute, or those which are incident to the exercise of the powers expressly granted to them. (*Bevan* v. *Cooper*, 72 N. Y. 329; *Sipperly* v. *Baucus*, 24 id. 46; *Riggs* v. *Cragg*, 89 id. 479.) It has accordingly been held that they have no power to adjudicate the validity of a debt upon the petition of a creditor when the claim is disputed by the executor (*Tucker* v. *Tucker*, 4 Keyes, 136), or the question whether a legacy is a charge upon the real estate (*Bevan* v. *Cooper*, *supra*), or to order a set off of mutual judgments. (*Stilwell* v. *Carpenter*, 59 N. Y. 414.) But this question has recently been so extensively discussed in this court in the case of *Riggs* v. *Cragg* (89 N. Y. 479) that its further consideration, either upon principle or authority, is

deemed unnecessary. These principles have now been incorporated into the Code of Civil Procedure, and this case having arisen since the 1st day of September, 1880, must be governed by its provisions. Section 2717 provides for a proceeding by a creditor or legatee before the surrogate to enforce the payment of a debt or legacy against an executor or administrator. Subdivision 2 of this section authorizes " a person entitled to a legacy " to prosecute such a proceeding. Section 2718 authorizes the surrogate to issue a citation to the executor or administrator upon a petition presented under section 2717, but further provides that he must dismiss the petition " when the executor or administrator files a written answer duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity absolutely or upon information and belief." We are unable to see how, in the face of these explicit provisions of the statute, the surrogate had any authority to hear and determine the questions involved in this proceeding.

The statute is imperative that upon the presentation of these facts affecting the jurisdiction of the surrogate, in the manner therein provided, he shall dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner. (*Hurlburt* v. *Durant*, 88 N. Y. 121.) When the right of the claimants, whether arising upon a legacy or a debt against an estate, is denied by its representative, the surrogate is prohibited by the statute from hearing and deciding the issue thus formed, and the party is remitted to another proceeding or tribunal to establish and enforce his right.

We are, therefore, of the opinion that the surrogate should have dismissed the petition upon the presentation of the answer, and the order of the General Term, remitting the proceedings to him for that purpose, should be affirmed with costs, to be paid to the respondent out of the estate.

All concur.

Order affirmed.