KINGS COUNTY.—HON. JACOB I. BERGEN, SURROGATE.—June, 1884.

CUTHBERT v. JACOBSON.

*In the matter of the estate of* THOMAS G. BUNKER, *deceased.*

Under Code Civ. Pro., § 2718, requiring the dismissal of a petition for payment of a legacy, etc., presented under id., § 2717, where the executor "files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality, absolutely or upon information and belief"—it is not necessary that the answer should contain a *formal* denial. The allegation of facts inconsistent with petitioner's right is sufficient to oust the court of jurisdiction.

A Surrogate's court may, under Code Civ. Pro., § 2735, of its own motion compel an executor to make and file his account *before* "one year has

expired since letters were issued to him" (Code Civ. Pro., §2724), where successive letters testamentary have been granted upon testator's estate (id., § 2593), a co-executor, since deceased, has received letters years previously, and the estate is ready for final distribution.

PETITION by Margaret A. Cuthbert, as assignee of Edward H. Bunker, a residuary legatee under decedent's will, to compel Terence Jacobson, executor thereof, to pay a legacy.

GEO. B. & A. H. ELY, *for petitioner.*

O. J. WELLS, *for executor.*

THE SURROGATE.—The petitioner, who is an assignee of a residuary legatee under decedent's will, makes application, under § 2717 of the Code, for a decree directing the executor to pay to her the equal one fifth part of the estate of the said Thomas G. Bunker, deceased, bequeathed by the decedent to Edward H. Bunker, her assignor.

By the provisions of § 2718 of the Code, such petition must be dismissed, if the executor, in a sworn answer, sets up facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denies the validity or legality of such claim.

The answer in this case alleges that the petitioner is not the lawful owner of the interest or residuary share devised by the will of Thomas G. Bunker, to Edward H. Bunker; that the said Edward H. Bunker is a bankrupt; that his share under said will is claimed by John H. Platt, his assignee in bankruptcy; and further, that, while Sally A. Bunker, the original executrix, was in possession of the whole estate, and entitled to the in-

come thereof during her life, she advanced to the said Edward H. Bunker the sum of $2,300, out of the principal of said estate, and took his promissory note therefor, and that such advance was made without notice of the claims of the said petitioner, or of said John H. Platt; that Jacobson, the present executor and trustee, has endeavored to collect the sum so advanced; that said claim is, as he believes, uncollectible except from the interest of said Edward H. Bunker, in the estate, and that, for the purpose of securing the same, he has taken from Edward H. Bunker an assignment of any interest which he may have in said estate; that Margaret A. Cuthbert, the petitioner, has taken proceedings in the United States District court to settle the extent if any, in which she might have a lien upon said interest; and that she has appealed from the decision made therein, which appeal is still pending.

It is claimed in opposition, by the petitioner, that the allegation in the executor's answer does not tend to impeach the validity or legality of the petitioner's claim.

In that view of the case I cannot acquiesce. While the executor in his answer does not in so many words doubt whether the petitioner's claim is valid and legal, and deny its validity absolutely, still I think that he has alleged facts sufficiently in his answer to deny the validity thereof, and oust this court of jurisdiction.

Such a controversy must be determined by a tribunal authorized to bring all the parties interested before it. Surrogates' courts do not possess these powers, and have no jurisdiction to hear and determine such questions (Fiester v. Shepard, *92 N. Y., 251*). The prayer of the petitioner must be denied.

I am, however, of the opinion that, Sally A. Bunker, the life tenant and executrix, having died November 26th, 1883, and upon whose death the estate was directed to be distributed among the parties entitled thereto under said will, Terence Jacobson, who was appointed executor of said will on January 4th, 1884, should render an account of his proceedings as such executor, with a view to a final distribution of the estate ; and I, therefore, on my own motion, require said executor, under § 2735 of the Code, to make and file his account. The fact that one year has not elapsed since the qualification of the present executor is immaterial, as the original letters testamentary were granted to his predecessor many years ago (Code Civ. Pro., § *2593*).

Ordered accordingly.