<hr/>

NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—November, 1884.

TAPPEN *v.* M. E. CHURCH.

*In the matter of the estate of* JOSHUA YORK, *deceased.*

Notwithstanding the limitations apparently implied in Code Civ. Pro., § 2743,—which provides that, "Where an account is judicially settled . . . . . and . . . . . the validity of a debt, claim or distributive share *is not disputed or has been established,* the decree must determine to whom it is payable, the sum to be paid by reason thereof, and all other questions concerning the same,"—a Surrogate's court has juris-diction, upon the judicial settlement of an executor's account, to *decide all questions* necessary to determine a dispute on the part of the executor, as to the validity of the claim of one asserting a right as legatee under the will, and to construe the will for the purpose of making such determination. So—

*Held,* where the will bequeathed $500 to the trustees of the S. A. church, " towards paying off the debt of the church," and $500 to the mana-gers or trustees of the M. C. Mission ; and the executor, seeking to procure the entry of a decree judicially settling his account, contended that the former bequest was ineffective by reason of the fact that the church designated was, neither then nor when the testator died, in a state of indebtedness ; and the latter, void on the ground that there was no existing person or institution bearing the name of the " M. C. Mission," and none competent to take the bequest whereof the will made the M. C. Mission the beneficiary.

Fraenznick v. Miller, 1 *Dem.,* 136—overruled.

CONTEST as to the validity of the claims of certain alleged legatees under decedent's will, upon the judicial settlement of the account of Thomas B. Tappen, the executor thereof.   The facts appear sufficiently in the opinion.

C. W. VAN VOORHIS, *for executors.*

ABNER C. THOMAS, *for M. E. church.*

LEMUEL SKIDMORE, *for missionary society.*

THE SURROGATE.—This testator, by one of the clauses in the second article of his will, gives $500 " to the trustees of the Second Avenue M. E. church, corner of one hundred and nineteenth street, towards paying off the debt of the church."   By the same clause, also, he gives " to the managers or trustees of the Methodist City Mission $500."   His executor, having filed an account of his administration, now seeks to enter a decree for its judicial settlement; but he attacks the validity of both the above named legacies, and suggests that the Surrogate, for lack of jurisdiction to determine the questions thus raised, should direct the accounting party to retain in his hands a sum sufficient to meet any demands growing out of these bequests, that may be successfully prosecuted in a competent tribunal.

He claims that the bequest first named is ineffective, by reason of the fact that the church in one hundred and nineteenth street is not now in debt, and was not in debt when the testator died.   He claims, also, that there is no existing person or institution bearing the name of " Methodist City Mission," and

none which is competent to take the bequest whereof the will makes the Methodist City Mission the beneficiary.

It is insisted, in behalf of the parties respectively claiming as legatees, that the Surrogate is fully authorized, by the Code of Civil Procedure, to determine these disputed questions.

Section 2743 of that Code provides that, " Where an account is judicially settled as prescribed in this article, and any part of the estate remains and is ready to be distributed to the creditors, legatees, next of kin, husband or wife of the decedent, or their assigns, the decree must direct the payment and distribution thereof to the persons so entitled, according to their respective rights."

The section further declares that, " Where the validity of a debt, claim or distributive share is not disputed or has been established, the decree must determine to whom it is payable, the sum to be paid . by reason thereof, and all other questions concerning the same."

In the case of Fraenznick v. Miller (1 *Dem.*, 136–154), I contrasted the section just quoted from the Code with the statutory provision which it had superseded, namely, § 71, tit. 3, ch. 6, part 2 of the R. S. (3 *Banks*, 6*th ed.*, 104).

I referred to the fact that, while by the earlier provision the right of determining *all* questions concerning *any* debt, claim, legacy, bequest or distributive share had been conferred upon the Surrogate, the authority of that officer to make such determination is limited, by the later statute, to " debts, claims or distributive

shares *whose validity is not disputed, or has been established.*

Because of this fact, and because of the fact that Mr. Commissioner THROOP had declared in his edition of the Code, by a note to the very section under consideration, that it was the purpose of the codifiers to bring the letter of the new enactment into unmistakable conformity with the construction that the courts had put upon the old, I felt bound to hold, in Fraenznick v. Miller, that, whenever an executor or administrator should dispute the validity of a demand against his decedent's estate, whether such demand should be made in behalf of one claiming as creditor, or as legatee, or in any other capacity whatsoever, the authority of the Surrogate in the premises would be straightway suspended, and would remain suspended until the validity of such demand should have been passed upon by some tribunal of competent jurisdiction, and by some other tribunal, of course, than the court of the Surrogate.

While this interpretation was, in my judgment, unavoidable, I adopted it with no little reluctance, and am glad to find what seems to me abundant warrant for abandoning it, in certain recent decisions of the Court of Appeals.

In Matter of Verplanck's Estate (91 *N. Y.*, 439), where questions similar to those here presented were under consideration, EARL, J., pronouncing the unanimous opinion of that court, declared that Surrogates "must have jurisdiction to construe wills, so far at least as is needful to determine to whom legacies shall be paid." Referring to the then recent decision

in Riggs v. Cragg (89 *N. Y.*, 479), he added: "We were unanimously of the opinion that they possessed such a power under the Revised Statutes, before the Code of Civil Procedure, *and it was clearly not the intention of the Code to narrow or diminish the juris-diction of Surrogates, but rather to enlarge it."* By the words italicised, taken in connection with their context, I understand that the propositions declared in Riggs v. Cragg, respecting the jurisdiction of Surrogates upon final accountings, though those propositions in terms relate only to cases arising under the Revised Statutes, are pronounced to be equally applicable to cases arising under the Code.

In Riggs v. Cragg, a person claiming as legatee sought to enforce, from his testator's executors, the payment of a disputed legacy. There were divers persons interested in the estate, whose rights would be affected by the enforcement of a decree in the petitioner's favor. None of these persons were cited, or had appeared as parties to the proceeding. Commenting upon this fact, ANDREWS, J., pronouncing the opinion of the court, said: "When the Surrogate can see that other persons claim, or may claim, the same thing as the petitioner, and that a real question is presented, as to the right of several persons to the legacy or fund, natural justice requires that he should not proceed to a determination, without the presence of all the parties who may be affected by the adjudication. The statute provides for bringing in all the parties in interest on the final accounting, *and in that proceeding jurisdiction is conferred to settle and adjust conflicting rights and interests."*

The learned Judge subsequently referred to the oft cited decision in Bevan v. Cooper (72 *N. Y.*, 317), and, after suggesting that, upon the reported facts of that case, there seemed to have been no necessity, *as incident to the accounting or distribution,* for the Surrogate to assume the power of interpreting the testator's will, added: "It is doubtless true that a Surrogate has no general jurisdiction in the construction of wills, but where the right to a legacy depends upon a question of construction, it must be determined before a decree for distribution can be made. *The Surrogate has, we think, jurisdiction . . . . . upon a final accounting, where all parties interested are before the court, to determine such construction as incident to the authority to make distribution.*"

In Matter of Verplanck (*supra*), the Court of Appeals recently upheld a Surrogate's authority to determine, upon an executor's accounting, whether a provision in a testator's will should be deemed invalid, as involving a suspension of the power of alienation, and whether, by another provision, directing distribution of a portion of his estate, the testator intended a distribution *per stirpes* or one *per capita.*

The opinion of RUGER, Ch. J., in Fiester v. Shepard (92 *N. Y.*, 251), contains certain intimations that are not, perhaps, in thorough harmony with the doctrine of the two cases last cited, but that doctrine has been still more recently reasserted by the court of last resort, ANDREWS, J., pronouncing its opinion, in Purdy v. Hayt (92 *N. Y.*, 446).

Upon the authority of these decisions, I must deny the motion of counsel for the executor, and, in the

decree about to be entered, must settle and determine the rights of all who claim as legatees under the will. A reference will be ordered for that purpose.