NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—February, 1886.

SUSZ v. FORST.

*In the matter of the estate of* CATHERINE BÜSCHING,
*deceased.*

Upon the return of a citation, issued in compliance with the prayer of a
petition by an alleged assignee of a legatee under decedent's will,—
directing the executor to show cause why he should not be removed,
or compelled to give security, or required to pay to his successors or
into the registry of the court all moneys and property by him received,
—respondent interposed affidavits denying the existence of such a per-
son as the legatee named in the will, and asked for a dismissal of the
proceedings pursuant to Code Civ. Pro., § 2718, upon the theory that
the same were instituted to enforce payment of a legacy.—

*Held,* that the petition substantially invoked the exercise of the power of
the court to remove the executor from office, as permitted by Code
Civ. Pro., § 2685; that it was not competent for respondent, by a total
or partial denial of the moving allegations to entrench himself in office
and oust the court of jurisdiction; and that the dismissal asked for
should be refused.

PETITION by Phillippine Süsz, assignee of a legatee
under decedent's will, for certain relief against Charles
Forst, executor thereof; the nature of which appears
in the opinion.

DAVID LEVY, *for petitioner.*

GEO. P. AVERY, *for executor.*

THE SURROGATE.—This decedent, by her last will
and testament, made a person whom she designated
as "my husband, Herman Busching," her universal
legatee. Prior to January 16th, 1885, one Leonhard
Gender, who claims to be the person so designated,

assigned his interest in this legacy to one Phillippine Süsz. A proceeding (whose character and purpose I shall presently explain) was thereafter begun by such assignee, against Charles Forst, the executor of Mrs. Busching's estate. To the petition of the assignee and the affidavit in support of it, the respondent executor interposed answering affidavits. On May 25th, 1885, the Surrogate made an order submitting the issues thus raised to a referee, with instructions to take proof concerning the same, and report to the Surrogate with his opinion. On November 20th, 1885, the referee filed his report and opinion, together • with the findings upon which they were based.

Counsel for the executor has lately moved for an order confirming certain findings in such report contained, and dismissing this proceeding, upon the ground of the Surrogate's lack of jurisdiction to entertain it. At the argument upon his motion, he represented that the proceeding had been instituted, under § 2717 of the Code of Civil Procedure, for a decree directing the payment of the legacy in question to the petitioner, and he claimed that, under § 2718, the interposition of the respondent's answer had the effect of ousting the Surrogate of jurisdiction in the premises. The referee seems to share, in this respect, the notion of counsel for the executor.

Both of these gentlemen mistake the real character of the proceeding before the court. This respondent has appeared in response to a citation ordering him to show cause why he should not be removed as executor, or compelled to give security for the faithful discharge of his duties, or required to pay to his succes-

·sors in office, or into the registry of the court, all moneys and property by him received as such executor.   The prayer of the petition upon which the citation is founded, is in substantial correspondence with the citation itself.

Now, although this petition is somewhat inartificial in form, its presentation to the Surrogate, and the issue of citation thereon, must be treated as the commencement of a proceeding under § 2685 of the Code, for the removal of the executor, and for the revocation of his testamentary letters upon certain grounds in the petition specified.   The proceeding can with no greater propriety be regarded as one for procuring the payment of a legacy under § 2717 than as one for the appointment of a temporary administrator under § 2668.   The provisions of § 2718, which declare the effect of a verified answer denying the validity of a claim whose payment the Surrogate is asked to direct, have, therefore, no application whatever to the present citation, nor have the decisions of the Court of Appeals in Hurlburt v. Durant (88 *N. Y.*, 121) and in Fiester v. Shepard (92 *N. Y.*, 251).

Who has the right to institute a proceeding for the removal of an executor and the revocation of his letters testamentary?   "A creditor or person interested in the estate," says § 2685 of the Code.   This term, "person interested," when used in connection with an estate or fund, is declared, by § 2514, subd. 11, to include every person entitled to share in such estate or fund as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee, or otherwise, except as creditor.   When a person alleging himself to be

entitled as legatee under a testator's will, or as the assignee of a legatee, files a petition wherein he avers the existence of causes which would justify the removal of the executor, and prays that such removal be decreed, the executor can no more deprive the Surrogate of jurisdiction by disputing the petitioner's interest, than he can accomplish that result by disputing the existence of the causes that the petitioner may have assigned as the foundation of his application.

It is for the Surrogate to determine upon all the evidence, as well as the *status* of the petitioner as the justice and propriety of affording him the relief which he asks. It is not in the power of the respondent by a denial of the petitioner's allegations, in whole or in part, to entrench himself in the office from which he is sought to be removed, and bring to naught all proceedings for his dislodgment.

Now I agree with the referee that, upon the evidence returned with his report, Leonhard Gender is the person entitled under the will to the legacy bequeathed to Herman Busching. So far as the referee's findings concern that question, they are for the purposes of this proceeding, and for such purposes only, confirmed. But the case has been prematurely closed and submitted to the Surrogate. It will be sent back to the referee, that the petitioner may present evidence, as she may be advised, in support of her application for the respondent's removal from office.