ORLEANS COUNTY.—HON. ISAAC S. SIGNOR, SURROGATE.—January, 1887.

ADAMS *v.* GLIDDEN.

*In the matter of the estate of* GEORGE HOWARD, *deceased.*

The same formality is not required, for the disputation of a claim against a decedent's estate, where proceedings for a judicial settlement are instituted under Code Civ. Pro., § 2729, as where a petition for payment is presented under id., § 2717.

ADAMS V. GLIDDEN.

The effect of Code Civ. Pro., § 2743, which requires the decree, upon a judicial settlement of a representative's account, to make the determinations therein specified, "where the validity of a debt . . . . . is not disputed," is to deprive the Surrogate's court of jurisdiction to determine a controversy, arising in such proceeding, between the accounting party and a third person seeking to enforce a claim against the estate.

Lambert v. Craft, 98 *N. Y.*, 342—distinguished.

CONTEST over creditor's claim, upon judicial settlement of account of William Glidden, as executor of decedent's will. The facts appear sufficiently in the opinion.

KEELER & SALISBURY, *for executor.*

ARTHUR E. CLARK, *for creditor.*

THE SURROGATE.—C. W. Adams claims to be a creditor of the deceased, and claims that, on this settlement, he should be so adjudged and the executor's account surcharged with the amount of a certain promissory note which he holds against the estate, and the same be directed to be paid in full, or, if the assets are not sufficient to pay in full, paid *pro rata.* The executor claims that this note was presented a year or so ago, and duly rejected by him, and that the short statute of limitations has run against the claim. He also, on this settlement, disputes the claim, on the ground that he has an offset and defence thereto on the merits; also on the ground that the long statute of limitations has run against it. Counsel for the creditor denies that the claim has been rejected, and offers to show that it was duly presented and never rejected, and contends that the executor is

thereby estopped from disputing the claim.   He also insists that, although the Surrogate's court may not pass on a disputed claim, it may pass upon the question of its rejection, and if the proofs show a proper presentation, and that it has never been rejected, it cannot be regarded as a disputed claim, and must be allowed.

In support of this proposition, he cites Lambert v. Craft (98 *N. Y.*, 342), and offers to show that the claim was not rejected.   In that case, a creditor commenced proceedings to compel the payment of a debt under § 2717 of the Code of Civil Procedure. The executors, on the presentation of a petition by a creditor, were, by subd. 1 of § 2718, required to file a written answer, duly verified, disputing the claim, if they wished to dispute it; and as they had failed so to do, the court held that the claim was not disputed, and that it should be ordered paid, on its being shown that there were assets, as provided in subd. 2 of § 2718.   DANFORTH, J., says, in his opinion: " If, therefore, after a reasonable opportunity for examination into the validity and fairness of a claim so presented, the executor does not offer to refer it, on the ground that he doubts its justice, or disputes it as unjust, it acquires the character of a liquidated and undisputed debt against the estate."   In that case, it was, it seems, undisputed that, when the claim was presented, it was neither disputed nor allowed, and the learned judge says that, under the circumstances, it must be deemed an allowance of it, and, that applying the principles upon which an ordinary account becomes an account stated, the result is the same.

The Surrogate, in that case, decided nothing more than that the account was undisputed, and in this the courts held that he was right; but in that case they hold that it was in the power of the executor to put the claimant to proof of his claim in another court by filing the written verified answer required by § 2718.

In the case under consideration, the proceedings are commenced for a judicial settlement under § 2729, and the authority of this court to direct the payment of this claim, if there be any, must be derived from § 2743, or some power incident thereto, and necessary to enable it to be carried out (Fiester v. Shepard, 92 N. Y., 251). By § 2743, "where the validity of a debt, claim or distributive share is not disputed or has been established, the decree must direct to whom it is payable," but when, on such a proceeding, the executor disputes the claim and refuses to allow it, the Surrogate may not take proofs and determine whether any grounds for rejecting the same exist or not.

Counsel for the claimant insists that there is a difference, in this respect, between a proceeding commenced by a creditor and a proceeding for a final settlement, but this cannot be the case, as, in either proceeding, the fact that a claim is disputed is enough to transfer the settlement of such a claim to another court. The mere fact that it is disputed is enough. The Code does not require the same formality, to dispute a claim on a final settlement, that is required under § 2718: that only applies to a proceeding begun by a creditor to compel payment of a claim.

In this matter, the executor contends that, should it be held that the claim has been presented, and not

rejected but become a liquidated claim on. account stated, he has not thereby been estopped from setting up the long statute of limitations as a defence which has now run against it (Bucklin v. Chapin, 1 *Lans.*, 443).

I cannot see how the claim can be regarded as any other than a disputed claim, of which this court has no jurisdiction; and I think the evidence offered on the rejection of the claim is both incompetent and immaterial, and that claimant's remedy, if any, is by action in a court having jurisdiction of disputed claims.