Judgment and conviction reversed, indictment dismissed and case directed to be submitted to another grand jury.

---

In the Matter of the Judicial Settlement of the Accounts of LUCINA MILES and ANDREW CARMER, Administrators, etc., of JOHN C. MILES, Deceased.

LUCINA MILES, Individually and as Administratrix, and ANDREW CARMER, as Administrator, of the Goods, Chattels and Effects of JOHN C. MILES, Deceased, Appellants; ROSE LEROY, Respondent.

*Claim presented against a decedent's estate — on a denial of its validity by the administrators, a petition for its allowance, alleging its acceptance and part payment by the administrators, must be dismissed.*

Where a person, who alleges that she presented a claim against the estate of a decedent to the administrators who allowed the same and made a partial payment upon it, presents a petition to the Surrogate's Court asking that the decree made upon the judicial settlement of the accounts of the administrators, to which proceeding the petitioner was not a party, be opened and a decree be made requiring the payment of her claim, and the administrators submit veri-

fied answers denying that the petitioner had any claim against the decedent, or that she had ever presented her claim to them or that they had made any part payment thereon, and alleging that the usual notice to creditors had been published, and that no claim by or on behalf of the petitioner had been presented, the surrogate is required by section 2722 of the Code of Civil Procedure to dismiss the petition.

APPEAL by Lucina Miles, individually, and by Lucina Miles and another, as administrators of the goods, chattels and effects of John C. Miles, deceased, from a decree of the Surrogate's Court of the county of Erie, entered in said Surrogate's Court on the 8th day of January, 1901, directing said administrators to pay to Rose Leroy the sum of $1,720.22, with interest.

*David Millar*, for the appellants.

*Seward A. Simons*, for the respondent.

RUMSEY, J.:

Lucina Miles and Andrew Carmer were appointed administrators of the estate of John C. Miles on the 29th of October, 1894. In 1898 they filed their accounts with the surrogate of Erie county, and a decree settling the accounts was entered. Mrs. Leroy, the respondent, had no notice of the filing of the accounts, or of the proceeding for the judicial settlement. On the 8th of August, 1900, she presented to the surrogate a petition setting up, among other things, that she had " a claim against the said John C. Miles, deceased, amounting to the sum of Three thousand dollars, which sum the said deceased during his lifetime ordered and directed to be paid to your petitioner by the said Lucina Miles, upon the settlement of his estate." The petition then alleges that she presented the claim to the administrators; that it was by them duly allowed and admitted and a partial payment made upon it, but that there was still due to her the sum of $2,133.35, which they refused to pay, and she asks that the decree of judicial settlement be opened, and a decree made requiring the payment of that sum to her by the administrators. The administrators answered separately, each one denying upon information and belief that Rose Leroy, the petitioner named in the petition, " has or at any time had any claim against the estate of John C. Miles, deceased, in the sum of Three Thousand Dollars or any other amount." The answers further deny that Mrs. Leroy ever

presented her claim to either of the administrators, or that the administrators or either of them transferred to her any notes or accounts belonging to the estate to apply upon the claim presented by her against the estate, or that there was any agreement between the administrators or either of them and the said petitioner that any notes or accounts should be assigned to her to be applied upon any claim held by her against the estate. The answers then allege that the usual notice to creditors to present claims was published, and that no claim by or on behalf of Mrs. Leroy was presented to the administrators or either of them against the estate. Upon that state of the pleadings the case came on to be heard before the surrogate, and the administrators moved that the proceeding should be dismissed upon the ground that the court had no jurisdiction to try it. That motion was denied. Thereupon, the surrogate having heard the evidence, made a decree in which he determined that the claim was a valid one; that it had been admitted by the administrators; that a partial payment had been made upon it, and adjudged that the administrators, and Lucina Miles, individually, should pay to Mrs. Leroy the amount left unpaid. From that decree this appeal is taken.

We think that the surrogate had no jurisdiction of this matter after the filing of the answers. The Surrogate's Court, while in some respects a court of general jurisdiction, has no other authority than is given to it by statute. All the power of that court in this proceeding is derived from section 2722 of the Code of Civil Procedure, which expressly directs that where an administrator files a written answer duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely, or on information and belief, the surrogate must dismiss the petition without prejudice to an action or an accounting in behalf of the petitioner.

It is quite clear that within the provisions of that statute the power of the surrogate ceased when the answers of the administrators were filed. His duty after that time was to dismiss the proceedings, as he was expressly directed to do by the statute. It is hardly necessary to cite cases to establish the duty of the surrogate more clearly than is done by the statute itself, but such cases are not lacking. In *Fiester* v. *Shepard* (92 N. Y. 251) it is said by the

Court of Appeals that upon the filing of such an answer as this it was the imperative duty of the surrogate to dismiss the petition without prejudice to other proceedings.

It is said, however, that if the administrator had in fact admitted this claim, then the surrogate was justified in taking proof of that fact to show that the denial of its validity was not true; but the trouble with that contention is that the statute does not permit the surrogate to take proof of any fact. His power is limited by the statute, which gives him no right to examine into questions of fact after the filing of such an answer as is described in section 2722 of the Code.

It is necessary to discuss no further question, but for the error of the surrogate in refusing to dismiss the petition the decree must be reversed, with costs to the appellants, and the matter remitted to the surrogate with directions to dismiss the proceedings as required by section 2722 of the Code of Civil Procedure.

All concurred.

Decree of Surrogate's Court reversed and proceedings dismissed, with costs against the respondent.