(61 App. Div. 562.)

### In re MILES' ESTATE.

#### MILES v. LEROY.

(Supreme Court, Appellate Division, Fourth Department. May 28, 1901.)

EXECUTORS AND ADMINISTRATORS—CLAIMS—PAYMENT—ORDER—PETITION—DISMISSAL—ANSWER—DENIAL OF LIABILITY—SURROGATE'S COURT—JURISDICTION.

Where the administrators filed an answer to a petition to open a settlement of an administrators' account, and for an order that they pay petitioner's claim, alleged to have been allowed and admitted and partially paid, denying, on information and belief, that petitioner had a valid claim against the estate, or that it had been admitted or any payment made thereon, the surrogate's court had no jurisdiction to hear any evidence as to whether or not the administrators had in fact admitted the claim, but should have dismissed the petition, under Code Civ. Proc. § 2722, providing that when an administrator files an answer to a petition for payment of a claim, showing that it is doubtful whether the claim is valid and legal, and denying its validity or legality absolutely or on information and belief, the surrogate must dismiss the petition.

Appeal from surrogate's court, Erie county.

Petition by Rose Leroy for an order directing that the decree of settlement of the estate of John C. Miles, deceased, heretofore made, be opened, and that the administrators be directed to pay her claim. From a decree of the surrogate's court (68 N. Y. Supp. 368) in favor of petitioner, the administrators, Lucina Miles and Andrew Carmer, appeal. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WIL-
LIAMS, and RUMSEY, JJ.

David Millar, for appellants.
Seward A. Simmons, for respondent.

RUMSEY, J. Lucina Miles and Andrew Carmer were appointed
administrators of the estate of John C. Miles on the 29th of Octo-
ber, 1894. In 1898 they filed their accounts with the surrogate
of Erie county, and a decree settling the accounts was entered.
Mrs. Leroy, the respondent, had no notice of the filing of the ac-
counts or of the proceeding for the judicial settlement. On the
8th of August, 1900, she presented to the surrogate a petition set-
ting up, among other things, that she had "a claim against the said
John C. Miles, deceased, amounting to the sum of $3,000, which
sum the said deceased during his lifetime ordered and directed to
be paid to your petitioner by the said Lucina Miles upon the settle-
ment of his estate." The petition then alleges that she presented
the claim to the administrators; that it was by them duly allowed
and admitted, and a partial payment made upon it, but that there
was still due to her the sum of $2,133.35, which they refused to pay;
and she asks that the decree of judicial settlement be opened, and
a decree made requiring the payment of that sum to her by the ad-
ministrators. The administrators answered separately, each one
denying, upon information and belief, that Rose Leroy, the petitioner
named in the petition, "has, or any time had, any claim against
the estate of John C. Miles, deceased, in the sum of three thousand
dollars, or any other amount." The answers further deny that Mrs.
Leroy ever presented her claim to either of the administrators, or
that the administrators, or either of them, transferred to her any
notes or accounts belonging to the estate, to apply upon the claim
presented by her against the estate, or that there was any agree-
ment between the administrators, or either of them, and the said
petitioner, that any notes or accounts should be assigned to her,
to be applied upon any claim held by her against the estate. The
answers then allege that the usual notice to creditors to present
claims was published, and that no claim by or on behalf of Mrs.
Leroy was presented to the administrators, or either of them, against
the estate. Upon that state of the pleadings the case came on to
be heard before the surrogate, and the administrators moved that
the proceeding should be dismissed upon the ground that the court
had no jurisdiction to try it. That motion was denied. Thereupon
the surrogate, having heard the evidence, made a decree in which
he determined that the claim was a valid one, that it had been ad-
mitted by the administrators, and that a partial payment had been
made upon it, and adjudged that the administrators and Lucina
Miles, individually, should pay to Mrs. Leroy the amount left unpaid.
From that decree this appeal is taken.

We think that the surrogate had no jurisdiction of this matter
after the filing of the answers. The surrogate's court, while in some
respects a court of general jurisdiction, has no other authority than
is given to it by statute. All the power of that court in this proceed-

ing is derived from section 2722 of the Code of Civil Procedure, which expressly directs that where an administrator files a written answer, duly verified, setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal, and denying its validity or legality absolutely or on information and belief, the surrogate must dismiss the petition, without prejudice to an action or an accounting in behalf of the petitioner. It is quite clear that, within the provisions of that statute, the power of the surrogate ceased when the answers of the administrators were filed. His duty after that time was to dismiss the proceedings, as he was expressly directed to do by the statute. It is hardly necessary to cite cases to establish the duty of the surrogate more clearly than is done by the statute itself, but such cases are not lacking. In Fiester v. Shepard, 92 N. Y. 251, it is said by the court of appeals that, upon the filing of such an answer as this, it was the imperative duty of the surrogate to dismiss the petition without prejudice to other proceedings. It is said, however, that, if the administrator had in fact admitted this claim, then the surrogate was justified in taking proof of that fact, to show that the denial of its validity was not true; but the trouble with that contention is that the statute does not permit the surrogate to take proof of any fact. His power is limited by the statute, which gives him no right to examine into questions of fact after the filing of such an answer as is described in section 2722 of the Code.

It is necessary to discuss no further question, but for the error of the surrogate in refusing to dismiss the petition the decree must be reversed, with costs to the respondent, and the matter remitted to the surrogate, with directions to dismiss the proceedings, as required by section 2722 of the Code of Civil Procedure. All concur.