B. Masse against the Metropolitan Street Railway Company. H. A. Robinson (G. Glenn Worden, of counsel), for appellant. Herman Gottlieb, for respondent.

PER CURIAM. The case turned upon the question of contributory negligence of the plaintiff's driver in attempting to cross a track ahead of a moving car. The question was submitted to the jury in a charge to which no exception was taken. The jury having found in favor of plaintiff, we see no reason to disturb their verdict. Judgment affirmed, with costs.

MAYER, Respondent, v. NETHERSOLE, Appellant. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Action by Marcus R. Mayer against Olga Nethersole. From an order denying a motion to retax a referee's fees, defendant appeals. Affirmed. B. Steinhardt, for appellant. N. L. Erlanger, for respondent.

PER CURIAM. We think the referee's fees in this case are exorbitant, but there is nothing shown upon this record which authorizes us to interfere with them. The order should be affirmed, with $10 costs and disbursements.

MEEKER v. C. R. REMINGSTON & SON CO. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) Action by Laura H. Meeker, as administratrix, etc., against C. R. Remingston & Son Company. No opinion. Motion for reargument denied, with $10 costs. Motion for leave to appeal to court of appeals denied. See 70 N. Y. Supp. 1070.

MELODY, Respondent, v. COLER, Comptroller, Appellant. (Supreme Court, Appellate Division, Second Department. October 14, 1901.) In the matter of the application of William E. Melody for a writ of mandamus against Bird S. Coler as comptroller of the city of New York. No opinion. Appeal transferred to the Third department.

MESSING v. MESSING et al. (Supreme Court, Appellate Division, Fourth Department. September 25, 1901.) Action by Julia Abel Messing against John V. Messing and others. No opinion. Motion to amend record denied.

MIDDLETON, Respondent, v. HALTER, Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Solomon S. Middleton against Alexander J. Halter. Isaac V. Schavrien, for appellant. Douglass & Minton (Henry B. Corey, of counsel), for respondent.

PER CURIAM. This action was brought against defendant as indorser upon two promissory notes made by one Henry D. Stringer, of which plaintiff was the owner and holder. Each note was for $640 and interest. One was payable in three months after February 6, 1900, and the other in six months from said date. At maturity the three-months note was presented for payment, but was not paid, and subsequently it is claimed an agreement was made by plaintiff, who was still the owner and holder of the dishonored note, and defendant, that plaintiff should renew this note, and, in consideration of his doing so, defendant should indorse the six-months note and also the renewal note; and it is further claimed that, pursuant to this agreement, defendant indorsed both notes. Upon presentation at maturity, neither of the notes was paid, and both were duly protested. The defense litigated upon the trial was that the indorsements were obtained by false and fraudulent representations made to the defendant regarding the terms and conditions of a deed of conveyance by which certain real estate had been conveyed by defendant to plaintiff. The false representations, it is conceded, were to the effect that defendant was liable for certain unpaid water rents and taxes, whereas in truth no such liability existed. Defendant insisted that it was on reliance upon false representations regarding his liability by the terms of the deed that he was induced to indorse the notes, and not in consideration of the renewal of the dishonored note. The charge of the learned trial court indicates that the presiding justice entertained some pretty strong views on the facts, but no exception was taken to his remarks. The judgment was affirmed on appeal in the court below, and, as our decision must rest upon exceptions properly taken, we are not called upon to review the facts. Judgment (69 N. Y. Supp. 510) affirmed, with costs.

In re MILES. (Supreme Court, Appellate Division, Fourth Department. October 18, 1901.) In the matter of the probate of the will of Eurette Miles, deceased. No opinion. Decree of surrogate's court affirmed, with costs.

In re MILES' ESTATE. (Supreme Court, Appellate Division, Fourth Department. October 1, 1901.) In the matter of the estate of John C. Miles, deceased. No opinion. Motion to amend judgment (71 N. Y. Supp. 71) granted.

MILLER, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (City Court of New York, General Term. May, 1901.) Action by Margaretha Miller against the Metropolitan Street Railway Company. Henry A. Robinson (John T. Little, of counsel), for appellant. Alfred & Charles Steckler (Charles Steckler, of counsel), for respondent.

FITZSIMONS, C. J. The evidence conclusively proves that plaintiff was injured through the negligence of defendant's servant, and that she was free from contributory negligence. She was seriously injured. Two of her fingers were rendered useless. One of her arms she cannot raise higher than her ear, and it is quite useless. She was confined to her room for several weeks, suffered pains and aches, and was otherwise physically and mentally injured and dis-